Breitel, J. (dissenting in part).
I would modify to reduce the rate of interest in the computation of the judgment from 6% to 3% as provided in section 3-a of the General Municipal Law, at the time the judgment was rendered.
This case does not involve an appropriation of an interest in property subject to the law of eminent domain. The reference in the dissenting opinion in Boomer v. Atlantic Cement Co. (26 N Y 2d 219, 230) to an “ inverse condemnation ” was at best a metaphor to emphasize the dissenter’s view that a private corporation was in effect being granted a power of appropriation in eminent domain. A similar reference in Ferguson v. Village of Hamburg (272 N. Y. 234, 240) was again a mode of language to adapt a remedy, borrowed from cases where there was a kind of taking, namely, the diversion of waters.
This case, like the Boomer case*, involves neither more nor less than a nuisance, and the cause of action is in tort, with remedy in equity. Permanent damages for nuisance have been awarded, measured by the consequential damage to the property. The “damages” do not value the “easement” to commit a nuisance. Indeed, defendants have obtained no easement, and certainly have not acquired an interest in property which they could transfer or even release. In short, the metaphor is being treated as a reality, incorrectly it is suggested.
Accordingly, I dissent in part, and would reduce the rate of interest computed in the judgment to 3%.
Order affirmed.

 The Boomer case, which started it all, involved private parties where, of course, the concept of condemnation is incongruous.